UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 17-CR-103 (ABJ) |
| v. | : | |
| THOMAS MEEKINS, JR., Defendant. | : | **FILED** JUL 1 2 2017 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

### STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Thomas Meekins, Jr., stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty: one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

### Essential Elements

The essential elements of the offense of Possession of Child Pornography, in violation of 18 U.S.C. 2252A(a)(5)(B) are:

(1) Defendant knowingly possessed materials that the defendant knew contained visual depictions of a minor engaged in sexually explicit conduct;

(2) Defendant knew each visual depiction contained in the materials showed minors engaged in sexually explicit conduct;

(3) Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

(4) Each visual depiction had been either (a) mailed, or shipped or transported using any

means or facility of interstate and foreign commerce or in and affecting interstate and foreign commerce, by any means, including by computer, or (b) produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

## Penalties

The statutory maximum sentence that the Court can impose for a violation of Title 18 U.S.C. Section 2252A(a)(5)(B) where an image involved in the offense involves a prepubescent minor or a minor who had not attained 12 years of age is 20 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

## Statement of Facts

On various dates between July 2014 and August 2015, an Online Covert Employee ("OCE") used a law enforcement tool to review a list of Internet Protocol ("IP") addresses that (1) had been recorded as sharing suspected child pornography images or videos, identified by their unique SHA1 hash values,[1] on a peer-to-peer ("P2P") file sharing network; and (2) were believed to resolve back to physical addresses located in the District of Columbia based on a commercial geolocation program utilized by the law enforcement tool. An IP address is unique to a particular

---

[1] "Secure Hash Algorithm Version 1 hash value" (SHA 1 hash value) is an algorithm that processes digital files, resulting in a 160-bit value that is unique to that file. It is computationally infeasible for two files with different content to have the same SHA 1 hash value. By comparing the hash values of files, it can be concluded that two files that share the same hash value are identical with a precision that exceeds 99.9999 percent certainty. There is no known instance of two different child pornographic images or videos having the same SHA1 hash value.

computer during an online session and makes it possible for data to be transferred directly between computers.

The law enforcement tool indicated that the IP address 76.111.64.213 ("Subject IP Address") was used to share known child pornography images and/or videos and that the computer using that IP address was physically located in the District of Columbia.

On several days between July 2014, and August 2015, the OCE logged onto the Internet in an undercover capacity and accessed a P2P network. The OCE used a P2P software client program to connect to the Subject IP Address and attempted to download files that had names that were indicative of child pornography.

The OCE initiated single source downloads from the Subject IP Address and obtained several files. Additionally, several other video/image files were attempted to be downloaded on various days as listed above, however no parts could be obtained.

For example, the following single source downloads from the Subject IP Address were obtained during the above time frame, along with the file descriptions:

- A file identified as "pthc hussyfan youngirl make handjob.mpg," containing a video file of a nude, prepubescent female child on a bed with a nude, prepubescent male child. The video shows the girl masturbating the boy, who ejaculates.

- A file identified as "toddler want know about where the cock go inside(2).avi," containing a video of a nude, prepubescent female child sitting on the lap of a nude adult male. The adult male digitally penetrates the girl as the hands of another adult are seen holding the girl's legs open.

- A file identified as "(((pthc))) {boylove} ssukm boy sucking mancock.mpg," containing a video of a nude, prepubescent male child performing oral sex on what appears to be an adult male.



According to an open source Internet research tool, the Subject IP Address was owned by Comcast. The research tool also indicated that the IP Addresses were assigned in the Washington, DC area. Administrative subpoena returns provided by Comcast, dated November 13, 2014, February 10, 2015, and August 13, 2015, revealed that during the time of the above-referenced downloads, the Subject IP Address, was assigned to Wyonia Brown, and the internet service was provided to 232 Cromwell Terrace, NE, Washington, DC (herein after, "Subject Premises").

On or about February 26, 2015, agents with the FBI conducted physical surveillance of the Subject Premises. A man matching the description of the defendant, Thomas Linwood Meekins, was observed leaving the Subject Premises and entering a vehicle which was registered to Arnita Meekins at the Subject Premises. Open source law enforcement sensitive databases indicated that in addition to Wyonia Brown, several members of the Meekins family, including Thomas and Arnita Meekins, resided at the Subject Premises.

On August 27, 2015, a search warrant issued by a magistrate judge from the United States District Court for the District of Columbia was executed at the Subject Premises. The defendant was determined to be residing at the Subject Premises at the time, along with several family members who were also present when the search was executed. As a result of the search warrant, three laptop computers were seized.

Agents with the FBI interviewed the defendant during the execution of the search warrant. Meekins stated he began utilizing the "Ares" peer-to-peer program and "stumbled" across child pornography videos. "Ares" is a P2P file-sharing program used to exchange files between users' computers. The "Ares" network uses file hashing to uniquely identify files on the network and users typically locate files in which they are interested with keyword searches. Before being



granted access to "Ares," the network requires users to agree to file-sharing; specifically, the user must click a box agreeing to share the files that he or she possesses.

Meekins further stated that he had viewed child pornography "off and on" for about a year, and had done so as recently as a week prior to the execution of the search warrant. Meekins used various search terms, including ages of children, to find the child pornography videos, and mainly viewed videos of girls under the age of fourteen. Meekins stated that after viewing the videos, he would feel guilty about watching them, and would delete them after viewing. Meekins estimated that during the time he had used Ares, he had downloaded and deleted "a couple hundred" videos of child pornography.

The three laptops seized pursuant to the search warrant were forensically examined by a computer forensic examiner at the FBI. One of the laptops contained child pornography, including approximately 66 videos depicting child pornography, and 16 partially-downloaded videos that have names consistent with child pornography or that depict known victims of child pornography.

The following files are examples of the video files recovered during the course of the forensic examination:

- A file identified as "11YO Vicky Childlover Little Collection Video 0039 String Bikini Pthc.mpg" depicting a naked prepubescent female child who is tied to a bench with an adult male standing over her and inserting his penis into her mouth.

- A file identified as "(KINGPASS) NEW! 022 Asian – pthc (tied 8yo Cambodian boom-boom girl fucked + raped by sex-tourist) hussyfan.mpeg" depicting a naked prepubescent female child with her ankles and wrists bound together with duct tape. An adult male then engages in sexual intercourse with the girl.

- A file identified as "GOOD! 2yo girl getting raped during diaper change – Babyshivid-Pussy Pounded Pthc Pedo Child Fuck (kiddy ddoggpm naked b3ddogg little girl young kiddyporn realkiddy child sex.mpg" depicting a naked prepubescent female child lying



on a bed. An adult male is above her and attempts to insert his penis into her vagina. The adult male eventually ejaculates on the girl.

Although the files downloaded by the OCE described above were not located during the forensic review of defendant's laptop, the same file names were recovered in the "Ares Downloads" file of that laptop, indicating the files with the same name had been previously downloaded to the computer using the Ares peer-to-peer software.

Respectfully submitted,<br>
CHANNING D. PHILLIPS<br>
UNITED STATES ATTORNEY<br>
<br>
_____<br>
Andrea L. Hertzfeld<br>
Assistant United States Attorney

DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 07/12/17

Thomas Meekins, Jr.
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 7-12-17

Thomas Key
Attorney for Defendant

